IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JIMMY WALLER,

    Plaintiff

VS.

DELORES FAIRCLOTH,

    Defendant

NO. 5:07-CV-288 (CAR)

PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U.S. MAGISTRATE JUDGE

# RECOMMENDATION

On October 4, 2007, defendant DELORES FAIRCLOTH filed a **MOTION TO DISMISS** the above-captioned lawsuit contending, *inter alia*, that plaintiff has failed to allege a constitutional violation. Tab #9. On October 5, 2007, plaintiff WALLER was directed to file a response to defendant's MOTION TO DISMISS. Tab #11. The court's order was sent to the address provided by plaintiff but was returned as undeliverable with the notation "Return to Sender-Attempted-Not Known-Unable to Forward." Tab #12.

Thereafter, on July 9, 2008, defendant FAIRCLOTH filed a **MOTION TO DISMISS FOR WANT OF PROSECUTION**. Tab #14. On July 15, 2008, the undersigned directed plaintiff JIMMY WALLER to respond to defendant FAIRCLOTH's **MOTION TO DISMISS FOR WANT OF PROSECUTION**. Tab #15. On July 28, 2008, the court's order to respond was returned as undeliverable with the notation "Return to Sender." Tab #16.

In the court's order of August 10, 2007 (Tab #6), plaintiff WALLER was advised, *inter alia*, of the following:

> *DUTY TO ADVISE OF ADDRESS CHANGE*
>
> *During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!*

### DUTY TO PROSECUTE ACTION

*Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.*

Clearly, plaintiff WALLER has failed to comply with the court's order of August 10, 2007, requiring him to keep the court and other parties advised of his address and further requiring him to diligently prosecute his case. He has likewise failed to respond to either motion to dismiss filed on behalf of defendant Faircloth. Plaintiff's last contact with the court was in July of 2007, over a year ago, when he refiled his complaint at the direction of the court.

Under the foregoing circumstances, IT IS RECOMMENDED that defendant's **MOTION TO DISMISS FOR WANT OF PROSECUTION** (Tab #14) be GRANTED and that this action be DISMISSED *with prejudice.*[1] Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

Although it appears to be an exercise in futility, the Clerk is directed to serve the plaintiff with a copy of this order by mailing it to him at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 8th day of AUGUST, 2008.



                                          CLAUDE W. HICKS, JR.
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant's Motion to Dismiss filed on October 4, 2007 could also be granted since it is uncontested.